IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRADLEY SOZA,

       Plaintiff,

v.                                                               CIV 17-0627 MV/KBM

JAMES DEMSICH and
THOMAS MELVIN,
in their individual capacities,

       Defendants.

## **MEMORANDUM OPINION AND ORDER**

       THIS MATTER is before the Court on Defendants' Motion for Stay of Discovery *(Doc. 19)*. The Court has reviewed the motion, the briefs submitted by the parties and the relevant authorities, and finds that the motion is well taken and will be granted.

       Plaintiff brings this action for damages pursuant to 18 U.S.C. § 1983 for alleged violations of his constitutional rights in connection with a June 29, 2014 search and seizure of his person. Defendants have countered with a motion for summary judgment *(Doc. 18)* in which they assert entitlement to qualified immunity. Defendants have now filed the instant motion to stay discovery until such time that the presiding judge issues a decision on the motion for summary judgment.

       "[Q]ualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation. Discovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred." *Workman v. Jordan*, 958 F.2d 332,

336 (10th Cir. 1992) (citation omitted). Accordingly, in cases where qualified immunity is asserted in a dispositive motion, the movant is ordinarily entitled to a stay of discovery until the qualified immunity question is resolved. *See Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman*, 958 F.2d at 336.

Indeed, reaffirming its long-held view that discovery should be stayed when qualified immunity is asserted, the United States Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), reasoned as follows:

> The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including "avoidance of disruptive discovery" . . . There are serious and legitimate reasons for this. If a government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the government . . . .

*Iqbal*, 556 U.S. at 685. Indeed, the Court concludes that long standing law establishes that generally Defendants are entitled to a qualified immunity determination before undertaking the burdens of discovery and litigation.

Plaintiff maintains, however, that the general rule of staying discovery should not apply in this case given its procedural posture. Plaintiff Soza was arrested and charged with the crime of being a felon in possession of a firearm. *See United States v. Soza*, 14cr3754 JAP. However, the Tenth Circuit Court of Appeals reversed the denial of Mr. Soza's motion to suppress in the criminal case and reasoned as follows:

> handcuffing Defendant was not reasonably necessary to protect the officers' personal safety and to maintain the status quo during the course of the stop. As a result, the officers unlawfully arrested Defendant in the

2

> absence of probable cause when they began to handcuff him, and the evidence collected by the officers after that point—the blood and glass on his person; his statement that he broke into the condominium because he "heard something"; and the flashlight, syringe, knife, and loaded firearm found pursuant to the searches of his body—must be suppressed.

*United States v. Soza*, 14cr3754 JAP, *Doc. 87-1* at 12. Plaintiff maintains that this finding of violation of Soza's Fourth Amendment rights in the context of the criminal case amounts to a "binding holding" such that discovery need not be stayed in this civil action. *See Doc. 24* at 2.

Even if Plaintiff is correct that the Tenth Circuit's decision constitutes binding authority here that a constitutional violation occurred, he ignores the second prong of the qualified immunity inquiry – whether Defendants' actions violated *clearly established* law. *Pearson v. Callahan*, 555 U.S. 223 (2009). Recent decisions from the Supreme Court and the Tenth Circuit

> reiterate the longstanding principle that "clearly established law" should not be defined "at a high level of generality." *Ashcroft v. al-Kidd*, 563 U. S. 731, 742 (2011). As this Court explained decades ago, the clearly established law must be "particularized" to the facts of the case. *Anderson v. Creighton*, 483 U. S. 635, 640 (1987). Otherwise, "[p]laintiffs would be able to convert the rule of qualified immunity . . . into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights." *Id.*, at 639.

*White v. Pauly*, 137 S. Ct. 548, 552 (2017); *see also Pauly v. White*, 874 F.3d 1197, 1223 (10th Cir. 2017) (on remand finding that "[b]ecause there is no case 'close enough on point to make the unlawfulness of [Officer White's] actions apparent,' we conclude that Officer White is entitled to qualified immunity.") (citations omitted).

Thus, the Court sees no reason to depart from the general rule that once a defendant files a dispositive motion asserting qualified immunity, discovery must be stayed. *See Jiron*, 392 F.3d at 414 (reasoning that because qualified immunity is an

3

entitlement not to face the burdens of litigation, "[e]ven pretrial matters such as discovery are to be avoided if possible"); *Workman*, 985 F.2d at 336 (concluding that discovery "should not be allowed" until the court makes a requested qualified immunity determination). Moreover, Plaintiff fails to identify any discovery needed to respond to the motion for summary judgment on qualified immunity grounds.

Wherefore,

**IT IS HEREBY ORDERED** that Defendants' Motion to Stay Discovery *(Doc. 19)* is granted, and discovery is stayed in this matter pending resolution of Defendants' Motion for Summary Judgment *(Doc. 18)*.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE